FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 29 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE PIZARRO,

                       Plaintiff,

    -against-

POLICE COMMISSIONER WILLIAM
BRATTON, N.Y.C. N.Y.P.D; JOHN DOE, 76th
Pct., Caucasian Black Hair; JOHN DOE, Short,
Chubby Caucasian, 76th Pct.; DANIEL
DERBY, Legal Attorney; JANE DOE,
Brooklyn A.D.A., Jamaican; and GENEIEVE
TAYLOR,

                    Defendants.
---------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
16-CV-1597 (CBA) (SMG)

**AMON, United States District Judge:**

Plaintiff Jose Pizarro, who is incarcerated at Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 on March 10, 2016 in the United States District Court for the Southern District of New York. The action was transferred to this Court on April 1, 2016. Plaintiff's *in forma pauperis* ("IFP") application and Prisoner Authorization form were received on April 29, 2016. (D.E. # 9.) On May 3, 2016, Plaintiff requested the appointment of *pro bono* counsel. (D.E. # 11.) For the reasons stated herein, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The claims against Police Commissioner William Bratton; Legal Aid Attorney Daniel Derby; Jane Doe, the Assistant District Attorney; and Geneieve Taylor are dismissed *sua sponte*. The claims against the John Doe police officers may proceed. Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice.

## BACKGROUND

According to the Complaint, Plaintiff was arrested inside the vestibule of his "friend's" residence on February 17, 2016, between 9 a.m. and 12 p.m. and accused of discharging a firearm.

(D.E. # 2 ("Compl.") at 3.)[1] Plaintiff asserts that the arrest by two unidentified police officers from the 76th police precinct, named as John Doe defendants, was made "without probable cause, with illegal search and seizure, [and] was double jeopard[]y in that the complaint was made three (3) days prior to plaintiff's arrest." (Id.) He states that a firearm was found "in an apartment that does not belong to plaintiff . . . and it was recovered without the proper use of a warrant." (Id. at 4.) Plaintiff alleges that defendant Police Commissioner William Bratton failed to provide proper training to the John Doe police investigators. (Id. at 3.)

Plaintiff further alleges that defendant Geneieve Taylor filed a false harassment complaint against him "a day or two . . . prior to the gun incident in direct retaliation against plaintiff, because plaintiff threatened to break their relationship off, as a woman scorned." (Id. at 4.)

Plaintiff alleges that his Legal Aid attorney, Daniel Derby, provided "ineffective assistance of counsel during his arraignment." (Id. at 3.) He also alleges that the unidentified Assistant District Attorney, named herein as a Jane Doe defendant, maliciously prosecuted him. (Id. at 3–4.) Plaintiff alleges that he continues to be held in detention and that he has not been indicted after testifying before the grand jury. (Id. at 4.)

Plaintiff asserts that these actions violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Id. at 3.) He also claims that he suffers from emotional stress and mental anguish, which cause insomnia, migraines, and nightmares, and that he suffers from the loss of communication with his family members. (Id.) He seeks $7.5 million in damages. (Id. at 6.)

---

[1] The pages of the complaint form and the addenda are not consecutively paginated. The Court refers to the numbers assigned by the Electronic Case Filing ("ECF") System.

## STANDARD OF REVIEW

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be

stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### A. Plaintiff's Claims

Plaintiff's claims for violations of his constitutional rights are cognizable under 42 U.S.C. § 1983, which provides procedures for redress for the deprivation of civil rights. In order to maintain a civil rights action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). A § 1983 plaintiff seeking to recover money damages must also establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Defendants Daniel Derby—plaintiff's prior legal aid counsel—and Geneieve Taylor—the individual plaintiff claims filed false harassment claims against him—are private individuals who may not be held liable under § 1983. See Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions

as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); D'Agostino v. New York State Liquor Auth., 913 F. Supp. 757, 770 (W.D.N.Y. 1996) ("Even 'providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.'" (quoting Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1352 (7th Cir. 1985))). Accordingly, all claims against defendants Derby and Taylor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

There is no claim against defendant William F. Bratton, Commissioner of the New York City Police Department, because Plaintiff has not alleged his personal involvement in the claimed violations. Plaintiff has only alleged, without providing more information, that Commissioner Bratton "failed during the . . . John Doe defendants['] training . . . at the police academy in how to perform their [duties] in investigating crimes, prior to making unlawful [arrests] that leads [sic] to deliberate indifference, and cruel, and unusual punishment." (Compl. at 3.) This allegation is plainly insufficient. See Lindsey v. Butler, 43 F. Supp. 3d 317, 329–30 (S.D.N.Y. 2014) ("To state a claim under Section 1983, a plaintiff must allege the personal involvement of each defendant. . . . Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient, and supervisors cannot be held liable based solely on the alleged misconduct of their subordinates. . . . In order to hold supervisors liable for creating a custom or policy fostering a constitutional violation, courts in this Circuit have required that plaintiffs plead more than conclusory allegations of the existence of the custom or policy." (internal citations and quotation marks omitted); see also Cox v. Fischer, No. 13-CV-743M, 2014 WL 843897, at *2 (W.D.N.Y. Feb. 27, 2014) ("[P]laintiff's conclusory assertion, unsupported by any factual allegations, that [the Commissioner] failed to properly train and supervise his subordinates does not suffice to establish personal involvement in the alleged constitutional violations.").

Accordingly, the claims against the Commissioner are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims against Jane Doe, the Assistant District Attorney prosecuting his criminal case, must also be dismissed. "It is . . . well established that a state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal citations and quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks omitted). Specifically, immunity extends to deciding which offenses to charge, initiating a prosecution, presenting the case at trial, and evaluating and organizing evidence for presentation at trial or to a grand jury. Id. Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the "clear absence of all jurisdiction." Shmueli, 424 F.3d at 237. In this case, Plaintiff's only claim against the Jane Doe Assistant District Attorney is that she is prosecuting him for a crime. (See Compl. at 3–4.) As this defendant has absolute immunity for her official acts as a prosecutor, all of the claims against her are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's Fourth Amendment claims may proceed against the remaining defendants. Plaintiff was unable to name the individual police officers, but he provided descriptions identifying the arresting officers as "John Doe Caucasian Black Hair defendant of the 76th Precinct" and "Caucasian, short chubby John Doe defendant," and identifying the approximate time of his arrest. (Compl. at 3.) However, the United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by Plaintiff is a

common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers. In <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby directs the Corporation Counsel for the City of New York to attempt to ascertain the full name of the two John Doe officers, and to provide the address where the defendants can currently be served, within 45 days of the date of this Order. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full name and badge number of these officers, summonses shall be issued, and the Court shall direct service on the defendants.

### B. Plaintiff's Request for Appointment of *Pro Bono* Counsel

In his May 3, 2016 request for the appointment of *pro bono* counsel, Plaintiff stated that he is a "layman to federal law" and that he is "limited to access to the telephone mail and other communication methods because of [his] incarceration in the G.R.V.C. facility," (D.E. # 11); however, Plaintiff's Complaint does not establish the threshold requirement that plaintiff's claims are "likely to be of substance" at this juncture. See <u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003). Accordingly, plaintiff's request for *pro bono* counsel is denied at this time, without prejudice to renewal at a later date.

### CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but his request for *pro bono* counsel is denied without prejudice. For the reasons set forth above, all of the claims against defendants Bratton, Derby, Taylor, and the Jane Doe Assistant District Attorney are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C.

§ 1915(e)(2)(B). No summonses shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against the John Doe Police Officers of the 76th Precinct. The Court respectfully directs the Clerk of Court to mail a copy of this Order and the Complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the defendants, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information. The Clerk is further directed to issue summonses once these defendants have been identified, and the United States Marshals Service is directed to serve a copy of the Complaint as amended by the Clerk, this Order, and the summonses on the defendants. The Court refers this matter to Magistrate Judge Steven M. Gold for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Dec. 29, 2016
Brooklyn, New York

/S/ Judge Carol Bagley Amon

Carol Bagley Amon
United States District Judge