RECEIVED IN PRO SE OFFICE

JUL 0 1 2025

Recv'd 7/7/25

The Honorable Pamela K. Chen                                          June 30, 2025
United States District Judge
United States District Court, Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *SEC v. Xia, et al.*. 21- Civ-5350 (PKC) (JAM)

Dear Judge Chen,

My name is Yongxiang Pan. I became an EB-5 investor in EEGH, L.P. on June 1, 2015. On May 26, 2021, I was granted conditional lawful permanent resident status, valid for two years until May 26, 2023. As required by USCIS, I filed Form I-829 to remove conditions on my status before the expiration date.

The approval of my I-829 petition depends on two criteria: (1) that my capital has remained "at risk" (sustained), and (2) that my investment has created 10 qualifying U.S. jobs. I believe I meet both requirements. My capital is still at risk as of today, and the project has completed significant site work, including demolition, large-scale environmental remediation, site work and land grading.

Unfortunately, I have been unable to obtain the documentation necessary to prove these facts to USCIS because the Regional Center, Fleet, controls these records and has shown no indication it will provide them to me.

I respectfully summarize my efforts to obtain the necessary I-829 documents:

1. Beginning February 27, 2023, I contacted Fleet and its then-legal counsel with assistance from the court-appointed Monitor. I was able to obtain only my 2020 and 2021 K-1 forms through Fleet's counsel at that time.
2. Starting February 2025, I resumed efforts via email to reach Fleet and its current counsel to request the documents, but I received no response. I also contacted other parties associated with Fleet, all of whom stated that only Fleet had access to the needed files.
3. On April 22, 2025, I received a *Request for Evidence (RFE)* from USCIS regarding my I-829 application, with a deadline of July 18, 2025 to respond. I promptly sent a copy of the RFE to Fleet and related parties. On May 12, 2025, Fleet acknowledged receipt of my request via email and told me they will look into it but has not responded since.
4. In June 2025, I again sought help from the Monitor team to contact Fleet's counsel Hantman & Associates. Despite almost a month of efforts by the Monitor team, no reply has been received.

It is with great disappointment that I now turn to the Court. It has become clear to me that Fleet no longer considers the immigration needs of its investors a priority. I am increasingly concerned that this disregard may be intentional.

SCANNED


I understand that, pursuant to the Final Judgment (ECF 460), Defendants Fleet and Xia are obligated to assist EB-5 investors with their immigration petitions, including by providing all necessary documentation for the EB-5 investors to apply for and obtain such benifits.

According to ECF 545-1, page 4, Fleet previously assisted 105 investors in the Eastern Mirage project in successfully obtaining I-829 approval. This demonstrates Fleet's understanding of the documentation required and the severe consequences that can arise if investors are left unsupported.

Currently, there are approximately 40 EEGH L.P. investors with pending I-829 petitions, and at least 292 more will require similar documentation in the future. Without an effective system for document access, all of these investors face the same risk of harm that I do now.

Therefore, I respectfully request the Court to:

> Order Fleet and its staff to immediately communicate with my immigration attorney and provide all documentation that my attorney deems necessary for the USCIS I-829 response, no later than July 8, 2025.

The documents I am requesting include, but are not limited to: historical K-1 forms, tax returns, commercial invoices, business licenses, economic impact analyses, and evidence of job creation. These are existing records that should be straightforward to retrieve and share. It is deeply frustrating that, after years of waiting and numerous attempts to follow up, I still have not received them.

I know I am not alone — many other investors may be facing the same challenges I am. However, I am not part of any of Fleet's communication channels, including the WeChat group referenced in prior filings, and I have no way of knowing whether others have received the necessary documents through alternative means. What I do know is this: if my attorney cannot respond to the USCIS's Request for Evidence by the July 18 deadline, it could result in devastating consequences for me and my family — including the potential loss of my legal status in the United States after 16 years of building a life here.

I appreciate the Court for its urgent attention to this matter. I will enclose a copy of the USCIS RFE letter for reference.

Should the Court or Monitor wish to contact me or my immigration counsel:

- Email (Yongxiang Pan): bestpx@gmail.com
- Email (Immgration Counsel): hjg@paclaw.com

Respectfully submitted,

Yongxiang Pan

EEGH, L.P. Investor



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Immigrant Investor Program*
131 M Street, NE, MS 2235
Washington, DC 20529

### U.S. Citizenship and Immigration Services

TO:

Yongxiang Pan
2013 N. Kenneth Road
Burbank, CA 91504

**DATE:**    April 22, 2025

**Application:**    Form I-829
**A-Number:**    A216172894
**File:**    WAC2390074444

## REQUEST FOR EVIDENCE

Based upon a review of your petition and supporting documentation, U.S. Citizenship and Immigration Services (USCIS) has found that you have not established that you are eligible for the benefit you are seeking. To determine whether you are eligible for the benefit, USCIS requests that you submit additional evidence. The deficiencies in your petition and the evidence that USCIS is requesting are explained in the attached document.

### (SEE ATTACHED)

If you reside within the United States, you must submit the requested evidence no later than 87 days from the date of this notice. If you reside outside of the United States, you must submit the requested evidence no later than 98 days from the date of this notice. USCIS is unable to grant additional time for responding to this request for evidence. *See* 8 C.F.R. § 103.2(b)(8)(iv).

You must submit all the requested materials at one time. Submission of only some of the requested evidence will be considered a request for a decision on the record. *See* 8 CFR § 103.2(b)(11). If you do not respond by the deadline, USCIS may deny your petition as abandoned, may deny your petition based on the record, or may deny your petition for both reasons. *See* 8 CFR § 103.2(b)(13)(i).

If you reside inside the United States, your deadline for submitting a response is: **July 18, 2025.**

If you reside outside of United States, your deadline for submitting a response is: **July 29, 2025.**

Keep a photocopy of this notice for your records. If you otherwise write to us about your case, please provide a copy of this notice.

You will be notified separately about any other applications or petitions you have filed.

Please send your response to this address:

> U.S. Citizenship and Immigration Services
> Immigrant Investor Program Office
> 131 M Street, NE
> Mailstop 2235
> Washington, DC 20529

WAC2390074444
Page 2

**IMPORTANT: RETURN THIS ORIGINAL NOTICE ON TOP OF THE REQUESTED INFORMATION AND/OR EVIDENCE LISTED ON THE ATTACHED SHEET(S).**

cc:    Hong-Jin Guan
       Pacific Law Group, LLP
       2025 Gateway Place
       Suite 335
       San Jose, CA 95112

WAC2390074444
Page 3

## REQUEST FOR EVIDENCE

### Form I-829, Petition by Investor to Remove Conditions
### EEGH, LP

#### I. Procedural History

Mr. Yongxiang Pan (Petitioner) filed a Petition by Investor to Remove Conditions (Form I-829) with the U.S. Citizenship and Immigration Services (USCIS) under section 216A of the Immigration and Nationality Act (INA). Petitioner seeks the removal of the conditions on his lawful permanent resident status granted under INA § 203(b)(5).

Petitioner's Immigrant Petition by Alien Entrepreneur (Form I-526), was approved on September 14, 2017. Petitioner was subsequently granted conditional lawful permanent resident status on May 26, 2021. The instant petition was filed on May 3, 2023.

Petitioner asserts eligibility based on an investment in Fleet New York Metropolitan Regional Center, LLC (Regional Center) pursuant to the Immigrant Investor Program.[1] The Form I-829 and the evidence presented assert that Petitioner invested $500,000 into EEGH, LP – the new commercial enterprise (NCE), on March 18, 2015. The NCE proposed to pool $110,000,000 from 220 immigrant investors. According to the Form I-829 and supporting evidence, the NCE will lend the entire amount to The Grand Eastern Mirage Group, LLC, the job-creating entity (JCE). The JCE intends to construct and operate a mixed-use commercial project consisting of a 498-room 5-star luxury hotel, convention center, parking garage, retail space, and a restaurant and is in City of Corona, New York. The NCE and JCE are principally doing business within a targeted employment area (TEA).

The petition has been reviewed for eligibility in accordance with INA §§ 216A and 203(b)(5), and Title 8, Code of Federal Regulations (8 C.F.R.) §§ 204.6 and 216. Based upon a review of the initial record of evidence, U. S. Citizenship and Immigration Services (USCIS) concludes that Petitioner has not established eligibility for the benefit sought. To assist Petitioner in addressing the deficiencies in the record, USCIS is issuing this Request for Evidence. The deficiencies of the current record are outlined below.

#### II. Analysis of the Evidence

##### A. Invested or Was Actively in the Process of Investing the Required Amount of Capital

The petition for removal of conditions must be accompanied by evidence that the petitioner invested or was actively in the process of investing the requisite capital. 8 C.F.R. § 216.6(a)(4)(ii). In this case, the required capital is $500,000 because the job-creating entity[2] into which the immigrant investor invested is principally doing business

---

[1] Section 610 of the Departments of Commerce. Justice. and State. the Judiciary. and Related Agencies Appropriations Act, 1993. Pub. L. No. 102-395. 106 Stat. 1828 (1992). as amended.

[2] For investments made through regional centers, the term "principally doing business" applies to the job-creating entity. *See* 8 C.F.R. § 204.6(j)(6): *Matter of Izummi*. 22 I&N Dec. 169. 171-73 (Assoc. Comm'r 1998).

WAC2390074444
Page 4

in, and creating jobs in, a "targeted employment area." 8 U.S.C. §§ 1153(b)(5)(A)(i), (B)(i), (C)(; 8 C.F.R. §§ 204.6(f), (j)(2), (j)(6).

"Capital" means cash, equipment, inventory, other tangible property, cash equivalents, and indebtedness secured by assets owned by the immigrant investor, provided that the immigrant investor is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness. 8 C.F.R. § 204.6(e). Further, a petitioner must show that he or she has placed his or her own capital at risk, i.e., that he or she was the legal owner of the invested capital. *Matter of Ho*, 22 I&N Dec. 206 (Assoc. Comm'r 1998); *see also Matter of Soffici*, 22 I&N Dec. 158, 165 n.3 (Assoc. Comm'r 1998) (interpreting 8 C.F.R. § 204.6(e) as requiring that a petitioner establish the funds invested are his or her own).

At this stage, Petitioner need not have invested all the required capital but must have substantially met that requirement. *See* 8 C.F.R. § 216.6(a)(4)(iii). Petitioner did not submit evidence to demonstrate his compliance with the capital investment requirement.

To establish that the required capital has been invested or that the petitioner is actively in the process of investing the required amount of capital, evidence is requested. Such evidence may include, but is not limited to:

- Audited financial statements;

- Further probative evidence, including (but not limited to) wire transfers, bank records, and/or receipts showing that the petitioner has indeed placed the requisite amount of capital at risk within the NCE; and/or

- Any other evidence deemed appropriate by the petitioner to overcome the deficiencies noted above.

### B. Sustainment of Investment into the New Commercial Enterprise

The petitioner must also provide evidence that the investment into the NCE has been sustained.[3] In order to demonstrate that an investment has been sustained, a petitioner must provide evidence demonstrating that they have, in good faith, substantially met the requirement of investing or being actively in the process of investing the requisite capital, as well as evidence to demonstrate that they have continuously maintained the capital investment requirement over the two years of conditional residence. 8 C.F.R. § 216.6(a)(4)(iii).

To show that the petitioner sustained the action of investing or being actively in the process of investing the required amount of capital, the petitioner must demonstrate that he or she has placed the required amount of capital at risk for the purpose of generating a return on the capital placed at risk. Evidence of mere intent to invest, or of prospective investment arrangements entailing no present commitment, will not suffice to show that the petitioner is actively in the process of investing. The alien must show actual commitment of the required amount of capital. 8 C.F.R. §§ 216.6(a)(4)(ii), (iii); 8 C.F.R. § 204.6(j)(2). For the capital to be "at risk" there must be a risk of loss and a chance for gain. In addition, as explained in *Matter of Izummi*, the "full amount of money must be made

---

[3] 8 C.F.R. § 216.6(a)(4)(iii).

WAC2390074444
Page 5

available to the business(es) most closely responsible for creating the employment upon which the petition is based." 22 I&N Dec. at 179 (emphasis omitted).

The petition and supporting evidence fail to demonstrate that the requisite amount of capital has been sustained. Petitioner provided Schedule K-1's in Exhibit A for the years 2020[4] and 2021. These documents alone, without other probative and corroborative evidence are insufficient to demonstrate Petitioner's investment was sustained during his period of conditional residence.

To establish that both the NCE and the investment into the NCE have indeed been sustained, the petitioner must demonstrate that he has, in good faith, substantially met the capital investment requirement of the statute and continuously maintained his capital investment over the two years of conditional residence. Such evidence may include, but is not limited to:

- Bank statements for the NCE covering the petitioner's conditional period of residency;

- Invoices and/or receipts demonstrating the genuine actions of the NCE during the petitioner's conditional period of residency;

- Current business license(s) held by the NCE;

- Federal or State income tax returns for the NCE covering the petitioner's conditional period of residency;

- Federal or State quarterly tax statements for the NCE covering the petitioner's conditional period of residency; and/or,

- Any other evidence deemed appropriate by the petitioner to overcome the deficiencies noted above.

### III. Conclusion

USCIS has determined that the record does not establish eligibility for the benefit sought. Accordingly, USCIS has requested evidence to address the issues outlined above. Petitioner is not precluded, however, from submitting evidence in addition to the evidence requested by USCIS that Petitioner deems relevant to address such issues. Petitioner must prove by a preponderance of the evidence – in other words, that it is more likely than not – that Petitioner is fully qualified for the benefit sought.

If Petitioner submits updated or revised documents, please note that "[a] petitioner must establish eligibility at the time of filing; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. *See Matter of Katigbak*, 14 I&N Dec. 45, 49 (Comm. 1971). Therefore, a petitioner may not make material changes to a petition that has already been filed to make an apparently deficient petition conform to [USCIS] requirements." *Matter of Izummi*, 22 I&N Dec. 169, 175 (Assoc. Comm'r 1998); *see also* 8 C.F.R. § 103.2(b)(1).

**NOTES:**
*Any document submitted to the USCIS containing a foreign language, must be accompanied by a full <u>English</u>*

---

[4] Prior to the start of Petitioner's conditional residence (May 26, 2021 – May 26, 2023).

WAC2390074444
**Page** 6

_language translation_ that has been certified by the translator as complete and accurate, and that the translator is competent to translate from the foreign language into English. Submit clear and legible copies of all requested evidence. If clear and legible copies are not possible, submit the original documents. These originals will be returned, if requested.

_Please provide an index of any submitted evidence and include corresponding tabs for each section of evidence._

**Extremely Urgent**

Express





YONGXIANG PAN
5168297447

0.2 LBS LTR     1 OF 1

16 MIDDLE NECK ROAD
GREAT NECK  NY 11021

SHIP TO:
JUDGE PAMELA K. CHEN
6266243282
UNITED STATES DISTRICT COURT, EASTE
225 CADMAN PLZ E
BROOKLYN  NY  11201 - 1832

NY 111 9 – 50

UPS NEXT DAY AIR     1
TRACKING #: 1Z 80E 3E9 01 9807 8623

BILLING: P/P

Trx Ref No.: PM PKG ID 522362
Trx Ref No.: FROM  YONGXIANG PAN
XOL 26.06.27    NV46 27.0A 06/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.     RRD K 0425